# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIRECTV, INC.,**

        **Plaintiff,**

-vs-                                                  **Case No. 6:04-cv-974-Orl-31KRS**

**LARRY J. CANATSEY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Plaintiff's Motion to Enforce Settlement, doc. no. 14, and Plaintiff's Motion for Attorneys' Fees and Costs, doc. no. 16. This matter was referred to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I.   PROCEDURAL HISTORY.**

On June 28, 2004, Directv, Inc. filed a three-count complaint against Larry J. Canatsey alleging violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq.*, and the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq*. Doc. No. 1. The case proceeded to discovery and on October 13, 2004, Directv filed a Notice of Settlement with the Court. Doc. No. 10. Thereafter, the presiding District Judge, the Honorable Gregory A. Presnell, entered an Order dismissing the case without prejudice "subject to the right of any party to move the Court within (60) days for the purpose of entering a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings." Doc. No. 11.

The parties subsequently submitted a Joint Stipulation for Dismissal with Prejudice, which states, in relevant part, that both parties "stipulate to the voluntary dismissal of . . . [this matter], with prejudice, pursuant to Federal Rule of Civil Procedure 41(a); with each party bearing their own attorney fees and costs and releasing the respective party of any and all liability relating to this action." Doc. No. 12. On December 1, 2004, Judge Presnell entered an Order dismissing the case with prejudice. Doc. No. 13. The text of the Court's Order provides as follows:

> Upon consideration of the Joint Stipulation for Dismissal with Prejudice (Doc. No. 12), and pursuant to Fed. R. Civ. P. 41(a), it is hereby
>
> **ORDERED** that this case is dismissed with prejudice, each party to bear its own fees and costs. Any pending motions are **DENIED** as moot. The Clerk has closed this file.

*Id*. (emphasis original).

On July 13, 2005, Directv filed a "motion to enforce settlement." Doc. No. 14. Directv also submitted, for the first time, a copy of the settlement agreement it claims to have reached with Canatsey. Doc. No. 14, ex. C.[1] Thereafter, Directv filed a motion for attorneys' fees and costs pursuant to the terms of this settlement agreement. Doc. No. 16.

Based on the procedural posture of this matter, I am compelled to question this Court's authority to exercise jurisdiction over the present dispute before proceeding to the merits.

## II.   STANDARD OF REVIEW.

It is well established that federal courts "exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the Unites States as defined by Article III of the Constitution or otherwise authorized by congress." *Taylor v. Appleton*, 30 F.3d

---

[1] I note that the "settlement agreement" submitted by Directv is not signed by Canatsey or anyone acting on his behalf. It appears, however, Attorney Albert A. Zakarian agreed to the settlement terms on behalf of Canatsey. Doc. No. 14, ex. B.

1365, 1367 (11th Cir. 1994). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction, . . ." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted).

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhgras AG. v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Subject matter jurisdiction implicates the court's authority to adjudicate a particular case and, as such, it may be challenged by either party, or by the court *sua sponte*, at any time while the action is pending. Fed. R. Civ. P. 12(h)(3); *Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination.").

Federal district courts do not possess the "inherent authority" to enforce a private settlement agreement that results in the dismissal of a case pending before it. *Kokkonen*, 511 U.S. at 378. Simply put, "[i]n the absence of . . . an independent basis for jurisdiction, a federal court has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement." *Scelsa v. City University of New York*, 76 F.3d 37, 40 (2nd Cir. 1996) (citing *Kokkonen*, 511 U.S. at 380-82).[2]

---

[2] When a federal district court retains jurisdiction to enforce a settlement agreement or incorporates the terms of such an agreement in its dismissal order, ancillary jurisdiction to enforce the terms of the agreement is said to exist. *Kokkonen*, 511 U.S. at 382.

**III.   ANALYSIS.**

The Supreme Court's mandate in *Kokkonen* controls the disposition of this matter. As previously discussed, this case was dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a). Neither party requested the Court to incorporate the terms of the "settlement agreement" at issue in this case in its dismissal order (assuming, of course, that such an agreement was entered into by the parties in the first instance). Moreover, neither party requested the Court to retain jurisdiction to enforce the terms of any such agreement. These omissions are fatal to this Court's authority to exercise jurisdiction over this matter as no independent basis for federal subject matter jurisdiction exists.[3]

> As the Supreme Court noted in *Kokkonen*:
>
> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal–either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.
>
> . . . .
>
> Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen*, 511 U.S. at 381-82.

---

[3] In essence, Directv's "motion to enforce settlement" amounts to a breach of contract claim against Canatsey. Although the parties appear to be diverse, the amount in controversy falls well short of the $75,000.00 threshold set forth in 28 U.S.C. § 1332. Assuming diversity jurisdiction was appropriate, the proper procedure for Directv to follow to enforce the settlement agreement would be to file a new lawsuit. This is so because "[e]nforcement of the settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, . . ." *Kokkonen*, 511 U.S. at 378.

In addition, it bears noting that there is no injustice in applying *Kokkonen* to the present dispute. Directv has simply chosen the wrong forum to seek redress for its grievances. Accordingly, I respectfully recommend that the Court dismiss this matter for lack of subject matter jurisdiction.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court dismiss this matter for lack of subject matter jurisdiction. I further recommend that Plaintiff's Motion to Enforce Settlement (Doc. No. 14), and Plaintiff's Motion for Attorneys' Fees and Costs (Doc. No. 16) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 15, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
District Courtroom Deputy